| | | |
|---|---|---|
| WILLIAM KAIL <br> 4 Weeping Willow Court <br> Ocean Pines, MD 21811 | * <br> * | IN THE <br><br> CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | WICOMICO COUNTY |
| ACME MARKETS, INC. <br> 751 South Salisbury Boulevard <br> Salisbury, MD 21801 <br> SERVE: <br> THE CORPORATION TRUST, <br> INCORPORATED <br> 2405 York Road, Suite 201 <br> Lutherville Timonium, MD 21093-2264 <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * | CASE NO.: C-22-CV-20-000183 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, William Kail, by and through his attorneys, Patrick M. Wysong and Saiontz & Kirk, P.A. sues Defendant, ACME Markets, Inc. and for causes of action states as follows:

1. On or about January 11, 2018, at approximately 8:30 a.m., Plaintiff, William Kail (hereinafter "Plaintiff") was working as a district sales manager performing a sales call at premises located at 751 South Salisbury Boulevard, Salisbury, MD 21801.

2. Defendant, ACME Markets, Inc. (hereinafter "Defendant"), owned and/or managed the aforementioned premises located at 751 South Salisbury Boulevard, Salisbury, MD 21801 and owed a duty to all invitees to ensure that its premises were free from hazardous and dangerous conditions and to warn invitees of any hazardous and dangerous conditions that it knew of or should have been aware of.

3. Plaintiff was performing work at the aforementioned premises and was therefore lawfully on the premises as an invitee.

4. As Plaintiff was walking down an aisle he slipped on a puddle of clear soda that was located on the floor. This puddle of clear soda created a hazardous and dangerous condition.

5. That the aforementioned occurrence was directly and proximately caused by and did result from the recklessness, carelessness, and negligence of Defendant including, but not limited to the following respects:

(a) failing to take steps to remedy the hazardous and dangerous condition that caused the occurrence;

(b) failing to inspect its premises and the location where Plaintiff was working for the hazardous and dangerous condition that caused the occurrence;

(c) failing to train its employees to properly remedy the hazardous and dangerous condition that caused the occurrence;

(d) failing to train its employees to inspect its premises and the location where Plaintiff was working for the hazardous and dangerous condition that caused the occurrence;

(e) failing to warn Plaintiff of the aforementioned hazardous and dangerous condition;

(f) was otherwise reckless and negligent in failing to remedy a condition it knew or should have known was hazardous and dangerous; and

(g) in other respects not now known to Plaintiff, but which may become known prior to or at the time of trial.

6. As a result of the incident as described above, Plaintiff sustained painful injuries, including but not limited to injuries to his neck, back, head and shock to the nervous system.

7. As a result of the fall as described above, Plaintiff incurred medical bills, loss of income, non-economic damage, and other elements of damage to be proved at trial.

8. The incident as described above occurred as a result of the negligence of Defendant without any negligence or want of due care by Plaintiff contributing thereto.

WHEREFORE, Plaintiff, William Kail, sues Defendant, ACME Markets, Inc., for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with the costs of suit.

Respectfully submitted,

PATRICK M. WYSONG
(CPF No. 9512140303)
Saiontz & Kirk, P.A.
3 S. Frederick Street, Suite 900
Baltimore, MD 21202
(410) 539-6339 Ext. 3346
(410) 234-3431 (litigation)
(410) 539-0346 (fax)
pwysong@saiontzkirk.com
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff, William Kail, by and through undersigned counsel elects to have the above-entitled matter tried before a Jury.

_____
PATRICK M. WYSONG
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE WITH RULE 1-322.1

I HEREBY CERTIFY that pursuant to Maryland Rule 1.322.1 this submission does not contain any prohibited personal identifiers.

_____
PATRICK M. WYSONG